## H. C. WRIGHT v. THE STATE.

### No. 6894.   Decided April 12, 1922.

**Theft—Name of Party Injured—Owner—Special Owner.**

Where upon trial of theft the alleged owner was F. S. Barron designated as a special owner, and the evidence showed that the alleged suit. case and its contents was held by the railway company of which Barron was an agent, etc., the same fully met the requirements of the law under ownership.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.
No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

There were two counts in the indictment. In the first Ida Hall was designated as the owner; in the second, F. S. Barron was desig-

nated as a special owner. The conviction is upon the second count.

From the State's standpoint, the articles described in the indictment were in a suitcase. It was checked at Pubelo, Colorado, to Hereford, Texas. She presented her check upon arrival at Hereford, but did not then obtain her suitcase, though it was later delivered to her. The suitcase was traced, by the evidence, to its destination at the depot of the railroad company over which Miss Hall's ticket routed her, and was taken by the appellant from the truck of the railway company. Barron was an agent of the railroad company which transported Miss Hall and the suitcase to Hereford, that is, he was the station agent at Hereford, had custody of the depot and was in charge of everything there.

The evidence showed satisfactorily that the suitcase and its contents was held by the railway company, of which Baron was an agent, under its contract with Miss Hall, of which she became a passenger and it undertook to transport her and the baggage, and that she was in possession of the claim check which identified the suitcase and manifested the obligation of the railroad company to deliver it to her. We think the evidence fully meets the requirements of the law on the subject of ownership. The property belonged to Miss Hall, but was in possession of Barron. It is true that he did not have it in his hands, but it was on the truck belonging to his employer, on its depot, and under the care, control and management of Barron, within the meaning of the law.

The judgment is affirmed.

*Affirmed.*